**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.S. and L.F.**

**No. 23-279** (Raleigh County CC-41-2022-JA-5 and CC-41-2022-JA-6)

**MEMORANDUM DECISION**

Petitioner Father C.F.[1] appeals the Circuit Court of Raleigh County's April 19, 2023, order terminating his parental, custodial, and guardianship rights to L.F. and his custodial rights[2] to N.S., arguing that the circuit court erred by failing to rule on his motion for an extension of his improvement period and by terminating his rights.[3] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2022, the DHS filed a petition alleging that the children's mother was arrested for driving under the influence with minors in the vehicle, as both children were with her. The DHS later filed an amended petition, identifying the petitioner as L.F.'s father and alleging that he had a recent history of domestic violence and misuse of illegal substances in Indiana, where the petitioner, the mother, and the children all resided at the time. The amended petition also alleged that he failed to appear for a scheduled drug test.

In March 2022, the circuit court held a preliminary hearing that the petitioner failed to attend, although he was represented by counsel. The court noted that it received information from

---

[1] The petitioner appears by counsel Gavin G. Ward. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather Olcott. Counsel Donnie L. Adkins II appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] The circuit court terminated the petitioner's parental, custodial, and guardianship rights to N.S., however, the petitioner is not N.S.'s father. Because the petitioner was a custodian to this child, we will treat the court's termination as a termination of custodial rights only.

[3] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

the Indiana Department of Child Services confirming that the petitioner was previously involved in domestic violence incidents with the mother. In April 2022, the Raleigh County Circuit Court contacted an Indiana Court to inquire if it would assert jurisdiction over the matter because the petitioner and the mother were residents of Indiana. A judge of that court wrote back, declining jurisdiction over the matter given that the underlying facts occurred in West Virginia, namely, the mother's arrest. After assuming jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, West Virginia Code §§ 48-20-201—210, the circuit court held an adjudicatory hearing in May 2022, at which the petitioner stipulated that he abused and/or neglected the children by engaging in domestic violence in their presence. The petitioner was granted a post-adjudicatory improvement period that required his participation in, among other things, drug screens, services designed to remedy domestic violence, parenting and life skills classes, a psychological evaluation, and visitation with the children. In November 2022, the petitioner filed a written motion for a ninety-day extension of his improvement period, which the court granted.

In January 2023, the DHS filed a motion to terminate the petitioner's improvement period and his parental, custodial, and guardianship rights due to his failure to provide a suitable home for the children and continued domestic violence with the mother, as evidenced by a petition for a domestic violence protective order involving the petitioner filed in Kanawha County in November 2022 and his subsequent incarceration for domestic violence charges involving the mother. The circuit court heard the DHS's motion at a February 2023 review hearing and noted that the petitioner's improvement period had expired, thus rendering that portion of the motion moot. The petitioner was not present at the beginning of the proceeding, although he was represented by counsel. The Child Protective Services ("CPS") employee assigned to the matter testified that neither parent had completed domestic violence prevention classes as required by their improvement periods and that the petitioner lived in a camper and could not provide a safe and stable home for the children. The witness further testified that since the initial petition was filed, there had been four domestic violence incidents between the petitioner and the mother, one of which occurred during an overnight visit with the children. The witness opined that the domestic violence issues worsened throughout the proceedings. The petitioner and the mother later arrived at the hearing. At the end of the hearing, the court deferred ruling upon the portion of the DHS's motion to terminate the petitioner's parental rights, and, at the DHS's request, ordered that both parents be placed on secure continuous remote alcohol monitoring ("SCRAM") units and participate in domestic violence prevention services. The court set a final dispositional hearing for April 2023.

In April 2023, the court held a dispositional hearing at which the petitioner did not appear, although he was represented by counsel. Testimony indicated that the petitioner passed many SCRAM unit tests but only attended one of five domestic violence prevention classes. The CPS employee assigned to the case testified that in the fifteen months she worked with the parents, their parenting skills had not improved and they continually engaged in domestic violence with each other. The witness stated that there were at least four domestic violence petitions filed in Kanawha County during the pendency of the proceedings. The petitioner orally requested another extension of his improvement period, but the court opined that an additional extension would not remedy the conditions of abuse and neglect. The court found that the petitioner continued to engage in domestic violence with the mother, had been arrested five times for domestic violence during his improvement period, and failed to participate in domestic violence prevention classes. Ultimately,

the court granted the DHS's motion to terminate the petitioner's rights, finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect and agreeing with the guardian's representation that placement with the petitioner was contrary to the children's best interests. Accordingly, the court terminated the petitioner's parental, custodial, and guardianship rights to L.F. and his custodial rights to N.S. It is from the dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by denying his oral motion for a second extension of his improvement period. However, the circuit court was barred from granting any additional extensions of the petitioner's improvement period, given that it had already granted him a ninety-day extension earlier in the proceedings. *See* W. Va. Code § 49-4-610(6) (permitting a circuit court to extend a post-adjudicatory improvement period "for a period not to exceed three months" when certain findings are made); *see also* Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021) ("West Virginia Code § 49-4-610(6) (eff. 2015) authorizes only *one* extension of a post-adjudicatory improvement period."). To the extent that the petitioner argues that an additional improvement period was warranted, we disagree. To obtain a second improvement period, the petitioner would have been required to demonstrate "a substantial change in circumstances" that resulted in him being "likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). While the petitioner cites to certain evidence that he demonstrated progress below, he also openly admitted that he did not participate in domestic violence prevention services. Critically, the petitioner was arrested for domestic violence at least five times during the pendency of the proceedings, demonstrating that the conditions of abuse and neglect actually worsened during the proceedings. Accordingly, we find no error.

The petitioner also argues that the circuit court erred by terminating his parental, custodial, and guardianship rights as to L.F. and his custodial rights as to N.S. because he "made progress correcting the mistakes associated with the filing of the petition." However, we find no error, as the petitioner fails to challenge the findings upon which the court terminated his rights, namely, that he continually engaged in acts of domestic violence with the mother to the point of being arrested multiple times and that he failed to participate in domestic violence prevention classes. In fact, the petitioner's testimony supports these findings. The court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse or neglect in the near future and that termination of his rights was in the children's best interest. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare). As such, the court correctly terminated the petitioner's parental, custodial, and guardianship rights as to L.F. and his custodial rights as to N.S. *See* Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental

---

[4] The mother's parental, custodial, and guardianship rights were also terminated. N.S.'s unknown father's rights were terminated in August 2023. The permanency plan is adoption in the current placement.

rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 19, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: August 12, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn